United States Court of Appeals,

Fifth Circuit.

No. 94-50348.

Summary Calendar.

Tommy Lee JACKSON, Plaintiff-Appellant,

v.

Thomas VANNOY, Chief of Police, et al., Defendants-Appellees.

April 11, 1995.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM.

Plaintiff-Appellant Tommy Lee Jackson ("Jackson"), a Texas prisoner proceeding *pro se and in forma pauperis,* filed suit pursuant to 42 U.S.C. § 1983 against Officers John Scharf ("Scharf") and John Palamara ("Palamara") and Chief of Police Thomas Vannoy ("Vannoy") of the Police Department of Temple, Texas. Jackson alleged that Scharf and Palamara violated his constitutional rights when they stopped a car in which he was riding, seized evidence and arrested him without probable cause. Jackson also alleged that his rights were impinged because Vannoy inadequately trained his officers. Jackson argued that the illegal arrest caused the State's Attorney to seek a revocation of his previous sentence of probation.

The magistrate judge held a *Spears*[1] hearing to allow Jackson

---

[1]*Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985).

an opportunity to expound his claims. At the hearing, Jackson explained that he was serving a ten-year sentence for indecency with a child. He initially received a sentence of ten years of probation, but his probation was revoked because of the charges arising out of the arrest that gave rise to this lawsuit. Jackson's parole on other charges was also revoked as a result of this incident. Jackson complained that he lost his freedom as a result of the illegal arrest, and he noted than an appeal of the revocation of his probation was pending.

Jackson filed a motion for partial summary judgment, arguing that he was entitled to a judgment regarding the defendants' liability for false imprisonment. The magistrate judge addressed the merits of Jackson's claims, recommended that the defendants' motion to dismiss be granted and recommended that Jackson's motion for partial summary judgment be denied. The district court adopted the findings of the magistrate judge, granted the defendants' motion to dismiss and denied Jackson's motion for partial summary judgment.

The district court dismissed Jackson's suit pursuant to FED.R.CIV.P. 12(b)(6). We review *de novo* the dismissal for failure to state a claim.[2]

The district court erred in determining that Jackson lacked standing to challenge the stop of the vehicle by Palamara. In *United States v. Roberson,* 6 F.3d 1088, 1091 n. 6 (5th Cir.1993),

---

[2]*See Jackson v. City of Beaumont Police Dept.,* 958 F.2d 616, 618 (5th Cir.1992).

2

*cert. denied,* --- U.S. ----, 114 S.Ct. 1383, 128 L.Ed.2d 58 (1994), this Court held that a passenger has standing to challenge the constitutionality of a vehicle stop because a stop results in a seizure of the passenger. Nevertheless, we find the district court's error is harmless because Jackson's testimony at the *Spears* hearing reveals that his claim is not ripe under *Heck v. Humphrey.*[3]

A complaint, as amended by a *Spears* hearing,[4] may be dismissed pursuant to a Rule 12(b)(6) motion by the defendant or by 28 U.S.C. § 1915(d) if it lacks an arguable basis in law.[5] The dispositive issue is whether Jackson's § 1983 complaint is ripe. In *Heck,* the Supreme Court directed that:

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

--- U.S. at ----, 114 S.Ct. at 2372 (footnote omitted). *Heck* requires the district court to consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

---

[3]--- U.S. ----, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

[4]*See Adams v. Hansen,* 906 F.2d 192, 194 (5th Cir.1990) (*Spears* hearing is not a trial on the merits but is in the nature of an amended complaint or more definite statement).

[5]*Neitzke v. Williams,* 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989); *Sullivan v. Internal Affairs Dep't,* No. 93-8771, 25 F.3d 1043 (5th Cir. June 2, 1994) (unpublished).

his conviction or sentence;  if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*  In addition to convictions and sentences, *Heck* applies to proceedings which call into question the fact or duration of parole. *See Cotton v. Texas Dep't Criminal Justice,* No. 94-10532, 35 F.3d 560 (5th Cir. Aug. 26, 1994) (parole proceeding) (unpublished). *Cotton* indicates that *Heck* should also apply to proceedings that call into question the fact or duration of probation.

A judgment in favor of Jackson on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole.[6]  It logically follows that *Heck* applies to Jackson's probation and parole revocation proceedings.  Jackson has not demonstrated that his current sentence has already been invalidated.  He does not allege that any revocation proceeding has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of *habeas corpus.* Thus, Jackson's action is not cognizable under § 1983 at this time, and we need not address the arguments Jackson has raised on appeal. The appeal is DISMISSED WITHOUT PREJUDICE.

---

[6]*See Thomas v. State,* 572 S.W.2d 507, 509 (Tex.Crim.App.1976) (probation);  *Garrett v. State,* 791 S.W.2d 137, 140 (Tex.Crim.App.1990) (parole).