IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20459
Summary Calendar
_____

ROBERT JAMES BARNETT,

Plaintiff-Appellant,

versus

THE UNITED STATES SECRET SERVICE;
ELIZABETH HUERTA; BOB ROBERTS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-3884
_____

June 18, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Robert James Barnett, Texas prisoner # 314835, appeals the
district court's dismissal of his claims brought under 42 U.S.C.
§ 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971). The same substantive standards of
constitutional violations apply to claims in a Bivens action as to
a cause under § 1983. See Carlson v. Green, 446 U.S. 14, 19 (1980)
(approving Eighth Amendment Bivens claim). The district court may
dismiss an *in forma pauperis* ("IFP") complaint as frivolous at any
time if it lacks an arguable basis in law or fact. See

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

§ 1915(e)(2)(B)(i); see Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The court reviews the dismissal of an IFP complaint as frivolous for an abuse of discretion. Id.

The district court held that Barnett's claims against the United States Secret Service were barred because Barnett had failed to show a waiver of sovereign immunity. Because Barnett has failed to challenge this issue on direct appeal, it is deemed to have been waived. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). This dismissal of Barnett's claims against the United States Secret Service is AFFIRMED.

The district court construed all of Barnett's claims against the individual defendants as arising out of the proceedings of Barnett's parole revocation and held that these claims were barred under the doctrine of Heck v. Humphrey, 512 U.S. 477, 486 (1994). Under Heck, a § 1983 plaintiff cannot recover damages for an unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until he has shown that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. An action attacking the viability of probation or parole revocation proceedings must satisfy the Heck element as such an action calls into question the fact and duration of confinement. See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.

1995).  Barnett concedes that his challenges to the parole revocation proceedings would call into question the validity of his incarceration.  Therefore, the district court did not abuse its discretion in dismissing these claims under Heck.  The decision of the district court is AFFIRMED as to these issues.

However, Barnett has also raised claims unrelated to his parole revocation, involving false arrest, false imprisonment, and malicious prosecution on counterfeiting charges that were eventually dropped.  If Barnett were to prevail on these issues, it may not necessarily call into question the validity of his parole revocation.  Compare Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (arrest and conviction for resisting a search; arrest cannot be challenged in a § 1983 cause of action).  The district court, however, did not consider these issues as separate from the parole revocation proceedings.  The judgment of the district court is therefore VACATED and the case REMANDED for further proceedings only as to Barnett's claims arising from his January 31, 1996 arrest.

Barnett's motion for appointment of counsel is DENIED because he has not shown extraordinary circumstances.  See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  His related motion to extend the time for filing an appeal is also DENIED.

AFFIRMED in part; VACATED and REMANDED in part; MOTIONS DENIED.