IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-20359
Summary Calendar

JED BAXTER HIGH,

Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas Department
of Criminal Justice; JOHN DOE; JANE DOE;
BOARD MEMBERS TDCJ-ID; VICTOR RODRIQUEZ;
BOARD OF PARDONS AND PAROLES; WACKENHUT INC.;
PRESIDENT OF WACKENHUT, INC.

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-4081
--------------------
March 15, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jed Baxter High, Texas prisoner # 320528, appeals from the summary-judgment dismissal of his 42 U.S.C. § 1983 action against Wayne Scott, the members of Texas's Board of Pardons and Paroles, the members of Texas's Board of Criminal Justice and Wackenhut, Inc., and its president. High's action was predicated upon alleged violations of the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Specifically, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged that his rights under these provisions are violated when the Board of Criminal Justice adopted a policy which excludes disabled parole violators from consideration for placement in Intermediate Sanction Facilities (ISFs). High argues that the district court erred in several respects, including that it erroneously dismissed his claims against defendant Scott, that it incorrectly determined that he had failed to demonstrate a violation of the ADA or the RA, and that it failed to adjudicate his claims against all the defendants.

We review a grant of summary judgment de novo, applying the same standards as did the district court. Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991).

This action is, at bottom, a challenge to the validity of High's confinement resulting from the parole board's decision to revoke his mandatory supervision. Inasmuch as High does not allege that this decision has been overturned, expunged, or otherwise called into question, it is barred by the principle of Heck v. Humphrey, 512 U.S. 477 (1994). See id. at 486-87; see also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (holding that Heck extends to parole revocation hearings). Accordingly, the dismissal of this action is affirmed. See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (this court can affirm a district court's judgment on any grounds supported by the summary-judgment record).

AFFIRMED.