IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10261
Conference Calendar

_____


JOE ADRIAN DEL CASTILLO, III,

Plaintiff-Appellant,

versus

TOM BAKER, Texas Department
of Criminal Justice, State
Jail Division, Director,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-858-Y
- - - - - - - - - -
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joe Adrian Del Castillo, III, Texas prisoner # 849460,
appeals from the dismissal as frivolous of his 42 U.S.C. § 1983
complaint.  He contends that he has been denied credit for the
time he spent in official detention prior to his sentence and
that, as a result, he is being unlawfully detained beyond the
maximum term of his sentence.

Castillo does not address the basis of the district court's
decision, i.e., that his claim is not cognizable under Heck v.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Humphrey, 512 U.S. 477, 486-87 (1994).  Because he fails to identify any factual or legal error in the district court's opinion, he has failed to brief this issue for appeal adequately. Fed. R. App. P. 28(a)(9); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Even if Castillo had adequately preserved the issue, the claim is not cognizable under Heck, as this court has applied Heck to suits challenging the computation of a prisoner's sentence.  See McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d at 158, 160-61 (5th Cir. 1995); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

This appeal is without arguable merit and, thus, frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  We caution Castillo that both the district court's and this court's dismissals count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.