IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11391
Conference Calendar

_____

DARRYL WALLACE,

Plaintiff-Appellant,

versus

SHIRLEY BRUMFIELD; TIM CURRY, District Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-643-J
--------------------
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:*

Darryl Wallace, Texas inmate #636243, proceeding *pro se* and *in forma pauperis* (IFP), appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. Wallace's motions for federal protection and for a handwriting analysis are DENIED.

We review the dismissal of an IFP complaint as frivolous for abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). We review a dismissal under 28 U.S.C. § 1915A *de*

* Pursuant to 5ᵀᴴ Cᵢʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cᵢʀ. R. 47.5.4.

*novo.  See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Wallace does not challenge the district court's conclusion that his claims against the district attorney are barred by the doctrine of absolute prosecutorial immunity, and any challenge to the dismissal would be frivolous.  *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (criminal prosecutors are entitled to absolute immunity from claims asserted under § 1983 for actions involving the prosecution and carrying of a case through the judicial process); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)(when appellant fails to identify error in district court's analysis, it is the same as if the appellant had not appealed that judgment).

Wallace's cause of action under § 1983 concerning the validity of his parole revocation proceedings has not yet accrued.  *See Heck v. Humphrey*, 512 U.S. 477, 487, 489 (1994); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (holding that *Heck* extends to parole revocation hearings).  The district court did not err in dismissing Wallace's allegations concerning medical treatment and assault.  *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)(personal involvement is essential element of civil rights cause of action).

Wallace's conclusional allegations that defendant Brumfield conspired with his parole officer are insufficient to state a claim under § 1983.  *See Sarmiento v. Texas Bd.*, 939 F.2d 1242, 1246 n.5 (5th Cir. 1991) (private person does not conspire with state official, for purposes of § 1983, merely by invoking an exercise of state official's authority); *Russel v. Millsap*, 781

F.2d 381, 383-84 (5th Cir. 1985) (conclusional allegations do not state a § 1983 claim). The judgment of the district court is AFFIRMED.

The affirmance of the district court's dismissal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996)(affirmance of district court's dismissal as frivolous counts as a single strike). We caution Wallace that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; MOTIONS DENIED; 28 U.S.C. § 1915(g) WARNING ISSUED.