IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50943
Summary Calendar
_____

RICHARD SCOTT,

                                        Plaintiff-Appellant,

versus

FIESTA AUTO CENTER OF SAN ANTONIO; GEORGE WHITCHURCH;
RAY CARDENAS; UNKNOWN EMPLOYEES, OF THE TEXAS DEPARTMENT OF
TRANSPORTATION; RANDY MURPHREE, Individually and as alleged
"sheriff" of Hamilton County, Texas; J.R. SLOUGH; JIM BUSTER;
H.D. WESTMORELAND; 6 UNNAMED "SHERIFF'S DEPUTIES" AND JAILERS
OF HAMILTON COUNTY, TEXAS; THOMAS E. WHITE, Individually and as
alleged County Attorney of Hamilton County, Texas; CHARLES
GARRETT, Individually and as alleged County Judge of Hamilton
County, Texas; DEBBIE RUDOLPH, Individually and as County
Clerk of Hamilton County, Texas; TERRY OGLESBY, Individually and
as County Court Clerk of Attorney of Hamilton County, Texas; B.J.
SHEPHERD, Individually and as District Attorney for the 220th
Judicial District for the County of Hamilton, Texas; JIM
BOATWRIGHT, Individually and as Hamilton County Commissioner of
Precinct 1; MIKE LEWIS, Individually and as Hamilton County
Commissioner of Precinct 2; JON BONNER, Individually and as
Hamilton County Commissioner of Precinct 3; MARION STRIEGLER,
Individually and as Hamilton County Commissioner of Precinct 4;
TOM W. CRUM, Visiting County Court Judge; JAMES MORGAN, Judge
of the 220th District Court of Hamilton, Texas,

                                        Defendants-Appellees.

                    ---------------------
            Appeal from the United States District Court
                 for the Western District of Texas
                     USDC No. W-00-CV-265
                    ---------------------
                     September 7, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Richard Scott appeals the dismissal of his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985. Scott argues that the district court erred when it dismissed his suit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h).

A district court's dismissal for lack of subject-matter jurisdiction is reviewed de novo. Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001).

Generally, if it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds. Sarmiento, 939 F.2d at 1245(citing Bell v. Hood, 327 U.S. 678, (1946)). However, dismissal for want of jurisdiction is appropriate if the federal claim is frivolous or a mere matter of form. Id. (citing Hagans v. Lavine, 415 U.S. 528 (1974)).

Scott argues that he has been arrested and jailed three times by sheriff's deputies who were not in compliance with Texas Constitution, Article 16 § 1 because they either did not have current oaths of office or did not have then on file with the Texas Secretary of State.

To state a claim for relief in an action brought under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1983, Scott must establish that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). A violation of state law is not cognizable under § 1983. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994). Johnson, 38 F.3d at 200.

The crux of Scott's argument is that his arrest, imprisonment, and prosecution are without legal effect because the Texas officials responsible for actions against him have not complied with the Texas Constitution's requirements for oath taking. Scott fails to articulate a violation of a federal right, save a conclusory allegation that the appellees' actions violated his due process rights. Merely alleging a constitutional violation or making a conclusory allegation is insufficient. Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997). Because Scott's claims about noncompliance with the Texas Constitution are frivolous, dismissal for want of jurisdiction was appropriate.

Scott argues that he was denied due process by the Texas court in a criminal proceeding against him and that he was falsely arrested and imprisoned. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. S 2254."  If a favorable judgment on a false arrest claim would necessarily imply the invalidity of the plaintiff's conviction, his § 1983 claims must be dismissed pursuant to Heck.  See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).  Even if, however, Scott is acquitted, because Scott's claims about false arrest rest on violations of state law, they are not cognizable under § 1983.  See Johnson, 38 F.3d at 200.

Scott argues that his case presents such extraordinary circumstances that he is entitled to intervention by the federal court under an exception to the Rooker-Feldman and Younger abstention doctrines.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); Younger v. Harris, 401 U.S. 37 (1971).  Because Scott is not challenging the denial of his motion to stay the state court proceedings, these cases do not apply to him. Instead, Scott's conditions-of-confinement claims ostensibly fall under the purview of § 1983.  However, Scott merely references his district-court complaint to argue his conditions-of-confinement claims.  These claims are not properly before this court because an appellant's argument must contain the reasons he deserves the requested relief "with citation to the authorities, statutes and parts of the record relied on," and he may not adopt by reference pleadings filed in the district court.  Yohey v.

Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(quotation and citation omitted) (28 U.S.C. § 2254 case); see Fed. R. App. P. 28(a)(9).

The judgment of the district court is AFFIRMED.