IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40444
Conference Calendar
_____

LESLIE WAYNE JOHNSON,

Plaintiff-Appellant,

versus

SHAWN TOLLEY, Officer; MITCH WOODS,
Sheriff; DAVID MOORE, Major,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-76
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Leslie Wayne Johnson (TDCJ # 108329) appeals the dismissal
as frivolous of his civil rights complaint wherein he alleged
that his constitutional rights were violated in connection with
his arrest and the subsequent revocation of his probation.  We
DENY Johnson's motion for leave to file a supplemental brief.

A prisoner's in forma pauperis (IFP) civil rights complaint
shall be dismissed if the district court determines that the
action is frivolous or fails to state a claim upon which relief

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

may be granted.  Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see 28 U.S.C. § 1915(e)(2).  We review the dismissal of a complaint as frivolous for an abuse of discretion.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

"[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal ... or called into question by a federal court's issuance of a writ of habeas corpus[.]"  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Heck also applies to proceedings that call into question the fact or duration of probation.  Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

Johnson does not allege that the probation-revocation proceeding has been reversed or otherwise called into question, and a judgment in his favor would necessarily imply the invalidity of the proceedings.  His appeal is without arguable merit and is therefore frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

The district court's dismissal of Johnson's action as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  The dismissal of the instant appeal also counts as a strike under 28 U.S.C. § 1915(g).  Johnson is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See id.

APPEAL DISMISSED; MOTION DENIED; STRIKE WARNING ISSUED.