IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40635
Summary Calendar
_____

ELOYS BOWSER,

Plaintiff-Appellant,

versus

LAJUANDA LACY, Attorney, Smith County; EDWARD J. MARTY, Assistant
District Attorney; J. THORNHILL, Tyler Police Department; CYNTHIA
KENT, Judge, Smith County,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-552
--------------------
October 22, 2002

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Eloys Bowser, Texas prisoner # 880159, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Bowser reasserts his claims that Kim Edwards, his sister, signed an affidavit of nonprosecution; LaJuanda Lacy, the attorney who represented him in the prosecution for aggravated assault against his sister, did not provide the affidavit to the prosecutor until Bowser's case came up

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the docket; Edward Marty, the prosecutor, proceeded with the prosecution even though Bowser's sister dropped the charges; Officer Thornhill based his investigation on speculation; and Judge Cynthia Kent failed to review his file before sentencing him. Bowser does not address the district court's dismissal of his claims pursuant to Heck. Because Bowser does not challenge the basis of the district court's decision, he is deemed to have abandoned the only issue before the court. See Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Nonetheless, because a favorable judgment on Bowser's claims would necessarily imply the invalidity of his conviction and he has not shown that the conviction has been invalidated, the district court did not err in dismissing his claims. See Heck, 512 U.S. at 486-87; see also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). Further, Marty and Judge Kent would be entitled to absolute immunity. See Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

Bowser raises numerous additional issues for the first time on appeal. "'The [c]ourt will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory.'" See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999)(citation omitted).

AFFIRMED.

2