IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60257
Summary Calendar
_____

ERIC LAQUINNE BROWN,

                                        Plaintiff-Appellant,

versus

ROBERT G. SUBBUTH, Investigator,
Pontotoc City Police, in individual
and official capacities; MIKE MCGOWAN,
Investigator, Pontotoc County, in
individual and official capacities;
FRANKY DANIELS, Ex-Sheriff, in individual
and official capacities; LARRY POOL,
Sheriff, in individual and official
capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:02-CV-12-D
--------------------
December 30, 2002

Before  BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Eric LaQuinne Brown, Mississippi state prisoner # K0577, is

appealing the district court's dismissal without prejudice of his

42 U.S.C. § 1983 complaint based on Heck v. Humphrey, 512 U.S.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

477 (1994). In that complaint, Brown alleged that he was illegally arrested without a warrant or probable cause.

In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed or otherwise set aside. Heck, 512 U.S. at 486-87. If a favorable judgment on an illegal arrest claim would necessarily imply the invalidity of the plaintiff's conviction, his 42 U.S.C. § 1983 claims must be dismissed pursuant to Heck. See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). However, if the plaintiff was convicted and there was no evidence presented resulting directly or indirectly from the alleged illegal arrest, then such arrest cannot undermine the validity of his conviction. Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

Brown's allegations do not clearly challenge the validity of his confinement and they do not reflect whether a favorable judgment on his illegal arrest claim would necessarily imply the invalidity of his conviction. The dismissal of Brown's complaint for failure to state a claim without further factual development of his claim was premature. The dismissal is VACATED, and the case is REMANDED to the district court for further development of Brown's illegal arrest claim.

VACATED AND REMANDED.