IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21189
Summary Calendar

_____

FINIS BLANKENSHIP,

Plaintiff-Appellant,

versus

GERALD GARRETT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2300
--------------------
February 13, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Finis Blakenship, Texas state prisoner # 208266, seeks permission to proceed in forma pauperis (IFP) to appeal the denial of his 42 U.S.C. § 1983 complaint, in which he alleged that he is entitled to damages because he was denied due process during his parole revocation proceedings and his parole was illegally revoked. In filing the IFP motion, Blakenship is challenging the district court's certification decision that his appeal was not taken in good faith. See Baugh v. Taylor, 117

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

The district court failed to comply with Baugh since it neither provided reasons for certifying that Blakenship's appeal was not taken in good faith, nor incorporated its decision on the merits of Blakenship's complaint. Baugh, 117 F.3d at 202; Rule 24(a)(3). Nevertheless, this court may dismiss the case *sua sponte* pursuant to 5TH CIR. R. 42.2 if it is apparent that the appeal lacks merit. Baugh, 117 F.3d at 202 & n.24.

Blakenship has not addressed the district court's determination that his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Thus, any challenge to the dismissal of the complaint on that basis is abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). However, because the district court failed to provide reasons for its bad faith certification, the court will address the merits of the appeal. This court's inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Blakenship's complaint challenges the validity of his parole revocation proceedings and he has not shown that the revocation of his parole has been set aside or otherwise called into question. His claims are barred by Heck and, thus, have no

arguable merit.  See Heck, 512 U.S. 486-87; Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

Insofar as Blakenship argues that he should not be required to prepay the filing fee, the district court stated that the fees would be paid when the funds became available in Blakenship's prison trust account.  Thus, this argument is also frivolous.

Blakenship has failed to identify a nonfrivolous issue for appeal, and he has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Blakenship's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal of the complaint as frivolous by the district court both count as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Blakenship is cautioned that once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.