IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51151
Conference Calendar

_____

ANDREW HOPSON,

Plaintiff-Appellant,

versus

HUGO SILEX; HERMAN HICKS;
TOM BELCHER; J.W. FERRER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CV-43-DB
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Andrew Hopson, Texas prisoner # 888013, appeals the

FED. R. CIV. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 damages

claims against El Paso, Texas, police officers for allegedly

violating his constitutional rights during his detention, arrest,

and questioning on burglary charges to which he ultimately

confessed.  He does not challenge the 28 U.S.C. § 1915A(b)(1)

dismissal of his claims against the mayor and City of El Paso and

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

has thus waived any challenge thereto.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This court would ordinarily review the district court's dismissal de novo.  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).  However, because Hopson did not first present his appellate arguments to the district court via timely objections to the magistrate judge's report, review is for plain error only.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420, 1429 (5th Cir. 1996) (en banc).  To demonstrate plain error, an appellant must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Hopson has not demonstrated any error, plain or otherwise, in the district court's judgment.  Because each of Hopson's claims, if successful, would necessarily imply the invalidity of his conviction and sentence, they are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (holding that Heck extends to parole-revocation hearings).  Hopson's contention that Heck does not bar his Fourth Amendment claims is incorrect.  See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

Hopson has not made the showing required to overcome the Heck bar. His contention that the district court should have stayed his claims rather than dismiss them is without merit. See Heck, 512 U.S. at 486-87; see also Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996). Hopson's contention that he should be allowed to proceed because he cannot obtain money damages in state court is equally unavailing. See Heck, 512 U.S. at 486-87; see also Hamilton, 74 F.3d at 103.

Hopson's appeal is wholly without arguable merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Hopson's complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal. See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Hopson is CAUTIONED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.