United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51262
Conference Calendar

_____

BILL RUTHERFORD,

Plaintiff-Appellant,

versus

BOARD OF PARDONS AND PAROLES,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-313
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bill Rutherford, Texas prisoner # 275320, seeks permission
to proceed in forma pauperis ("IFP") to appeal the dismissal of
his 42 U.S.C. § 1983 complaint, in which he alleged that his
constitutional rights were violated during and after his 1999
parole-revocation proceedings.  By filing the IFP motion,
Rutherford is challenging the district court's certification
decision that his appeal was not taken in good faith.  See Baugh
v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915(a)(3); FED. R. APP. P. 24(a)(5).

Rutherford has not addressed the district court's determination that his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Thus, any challenge to the dismissal of the complaint on that basis is abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if the argument were preserved, it is without merit. Rutherford's complaint attacks the validity of his parole revocation, and he has not shown that the revocation of his parole has been set aside or otherwise called into question. As the district court determined, his claims are barred by Heck and have no arguable legal merit. See Heck, 512 U.S. at 486-87; Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

Rutherford has failed to identify a nonfrivolous issue for appeal, and he has not shown that the district court erred in certifying that an appeal would not be taken in good faith. His motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim and this court's dismissal of his appeal as frivolous each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Rutherford has received strikes in the following cases: Rutherford v. Disciplinary Case, # 2001, 0264394, No. 02-11050, Rutherford v. Board of Pardons and Paroles, No. 02-51259,

<u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51260,

<u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51268,

<u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51266, and

<u>Rutherford v. Bell County Jail Administrator</u>, No. 02-51261.

Rutherford has now accumulated over three strikes under 28 U.S.C. § 1915(g), and he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.