United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21172
Conference Calendar

_____

FABIAN SANTIAGO,

Plaintiff-Appellant,

versus

ARNITA MARTIN, Parole Officer, in her individual and
official capacity; ROSLYN HALL (HUBBARD), Parole Office
Supervisor, in her individual and official capacity;
ALBERT WEZT, in his individual and official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1516
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Fabian Santiago, formerly Texas inmate #719034, proceeding
pro se and in forma pauperis ("IFP"), appeals the dismissal for
failure to state a claim of his 42 U.S.C. § 1983 complaint.
Santiago asserts that the appellees conspired to retaliate
against him because he complained about Parole Officer Arnita
Martin. Santiago contends that the appellees ensured that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

parole was revoked, and he argues that the revocation process violated his constitutional rights.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Court held that to recover damages for unconstitutional imprisonment, a 42 U.S.C. § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck applies to parole revocation proceedings and to Santiago's request for injunctive relief. See Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

Santiago has not challenged the district court's reasons for dismissing his complaint. Santiago thus has abandoned the only issue on appeal. See Yohey v. Collins, 985 F.2d, 222, 224-25 (5th Cir. 1993).

Santiago's appeal is without arguable merit, is frivolous and is DISMISSED. 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Santiago's complaint counts as a strike under the Prison Litigation Reform Act. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Santiago is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed in forma pauperis in any civil action or appeal filed

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED, SANCTION WARNING ISSUED.