United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60207
Conference Calendar

_____

RANDY EATON,

Plaintiff-Appellant,

versus

JIMMY MCGEE, Alcorn County Justice Court Judge, in his
individual and official capacity; JIMMY TAYLOR, Sheriff of
Alcorn County, Mississippi, in his individual and official
capacity; JEFF Individually and in His Official Capacity,
Mississippi Bureau of Narcotics, in his individual and
official capacity; HOUSTON BROWN, Investigator for the
Alcorn County Sheriff's Department, in his Official and
Individual Capacity; THOMAS HOPKINS, Alcorn County Sheriff's
Department, in His Individual and Official Capacity; GERALD
HALL, Mrs., in Her Individual Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:04-CV-20-P-D
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Randy Eaton, Mississippi prisoner # 76147, seeks permission
to proceed in forma pauperis (IFP) to appeal the dismissal of his
42 U.S.C. § 1983 complaint, in which he alleged that he is
entitled to damages stemming from searches of his residence.  In

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filing the IFP motion, Eaton is challenging the district court's certification decision that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

The district court failed to comply with Baugh since it provided neither reasons for certifying that Eaton's appeal was not taken in good faith, nor incorporated its decision on the merits of Eaton's complaint. Baugh, 117 F.3d at 202; FED. R. APP. P. 24(a)(3). Nevertheless, this court may dismiss the case sua sponte pursuant to 5TH CIR. R. 42.2 if it is apparent that the appeal lacks merit. Baugh, 117 F.3d at 202 & n.24.

Eaton has not addressed the district court's determination that his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Thus, any challenge to the dismissal of the complaint on that basis is abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). However, because the district court failed to provide reasons for its bad faith certification, the court will address the merits of the appeal. This court's inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Eaton's complaint challenges the validity of his probation revocation and two additional convictions, but he has not shown that the revocation or convictions have been set aside or

otherwise called into question.  His claims are barred by <u>Heck</u> and, thus, have no arguable merit.  <u>See</u> <u>Heck</u>, 512 U.S. 486-87; <u>Jackson v. Vannoy</u>, 49 F.3d 175, 177 (5th Cir. 1995).

Likewise, Eaton's complaint against the county court judge has no arguable merit because it is barred by judicial immunity. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991); <u>Malina v. Gonzales</u>, 994 F.2d 1121, 1124 (5th Cir. 1993).  Eaton has failed to identify a nonfrivolous issue for appeal, and he has not shown that the district court erred in certifying that an appeal would not be taken in good faith.  Eaton's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  <u>See</u> <u>Baugh</u>, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the dismissal of the complaint as frivolous by the district court both count as strikes for purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).  Eaton is cautioned that once he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION WARNING ISSUED.