United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40325
Summary Calendar

_____

PATRICK JEROID JONES,

Plaintiff-Appellant,

versus

JIM WHITE; Detective STEVE SHELLEY; Detective KELLEY
BANKS; FNU WISER, Sergeant; Officer TOMMIE MCELHENEY,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-157
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Patrick Jeroid Jones, Texas prisoner # 935352, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint
under Heck v. Humphrey, 512 U.S. 477 (1994).  In his complaint,
Jones alleged that the defendants conducted an illegal search
resulting in the seizure of evidence used to secure his
conviction.

In order to recover damages for harm caused by actions whose
unlawfulness would render a conviction or sentence invalid, a 42

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1983 plaintiff must prove that the validity of the conviction or sentence has been called into question or that the conviction and sentence has been reversed or otherwise set aside. Heck, 512 U.S. at 486-87. If a favorable judgment on an illegal search claim would necessarily imply the invalidity of the plaintiff's conviction, his 42 U.S.C. § 1983 claims must be dismissed pursuant to Heck. See Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

Jones's allegations do not clearly reflect whether a favorable judgment on his illegal arrest claim would necessarily imply the invalidity of his conviction. Nevertheless, Jones does not allege an actual, compensable injury under Heck for purposes of § 1983 other than the injury of conviction. See id. The district court therefore did not err by dismissing the complaint, but the judgment should be modified to reflect a dismissal without prejudice. See Price v. City of San Antonio, 431 F.3d 890, 895 (5th Cir. 2005).

Jones also argues that the district court erred in denying his motion for default judgment. The record shows that the defendants properly complied with the court's order. There is no merit to this argument.

The district court's dismissal of Jones's § 1983 complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Jones is CAUTIONED that if he accumulates three strikes, he will no

longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

Accordingly, the judgment of the district court is AFFIRMED as modified; all outstanding motions are DENIED.