IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-60988

MARK COUGLE,

Plaintiff-Appellant,

v.

COUNTY OF DESOTO, MISSISSIPPI; MARK BLACKSON, Individually
and in His Official Capacity as a DeSoto County Sheriff Deputy,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi, Delta Division
No. 2:06CV139-M-A

_____

Before DAVIS, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Mark Cougle appeals the grant of the defendants' Motion for
Summary Judgment. Based on our agreement with the district court that
Cougle's claims under 42 U.S.C. § 1983 are barred by the application of Heck v.
Humphrey, 512 U.S. 477 (1994), we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

In August 2006, Cougle filed a complaint for money damages against the County of Desoto and Mark Blackson, a detective in the Desoto County Sheriff's Office, alleging wrongful arrest, wrongful search and seizure, and malicious prosecution. The arrest, search and seizure, and prosecution occurred when Blackson received a complaint from Ralph Yount alleging that Cougle had possession of a motorcycle and lawn tractor that belonged to Yount and refused to return them. Cougle had agreed to store the items for Yount, but refused to return them unless Yount paid a storage fee for the items.

At Blackson's request, Cougle came to the sheriff's office to be interviewed. According to Blackson, Cougle confirmed the information provided by Yount and also confirmed that he carried a firearm in conjunction with his repossession business. Because Cougle had previously been convicted of grand larceny and sentenced to three years probation, it was illegal for Cougle to possess a firearm.

Based on Cougle's alleged admission, Blackson obtained an arrest warrant for Cougle and a search warrant for his house. No firearm was found in the search. Blackson later learned the location of Yount's motorcycle and tractor, recovered them and returned them to Yount. A Desoto County grand jury no billed the firearm and grand larceny charges against Cougle. However, in August 2005, Cougle's probation was revoked and Cougle was required to serve one year in jail. The probation violation form states that Cougle "has been arrested and charge (sic) with theft - other, possession of a weapon by a convicted felon and taking away a spray rig . . [and] Harley-Davidson fat boy bike belonging to Ronald and Bridgette Yount." The Order Revoking Probation listed three violations of the terms of Cougle's probation: "failed to commit no offense", "failed to permit MDCC to visit at home or elsewhere", and "failed to remain in specified area." Blackson testified at the probation hearing about the events leading up to Cougle's arrest and the seizure of Yount's property.

Cougle's complaint in this case denies that he admitted to possessing a firearm and contends that there was no probable cause for his arrest. He also alleges that Blackson violated his fourth amendment rights by seizing the motorcycle and lawn tractor without warrants or probable cause. The district court granted the defendants' motion for summary judgment dismissing Cougle's § 1983 claims. Cougle appeals.

II.

The district court granted the defendants' motion for summary judgment on the basis that the instant action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-487. Heck applies to proceedings that call into question the fact or duration of probation. Cotton v. Tex. Dep't Criminal Justice, 35 F.3d 560, 560 (5th Cir. 1994)(unpublished); Jackson v. Vannoy, 49 F.3d 175, 177(5th Cir. 1995) (applying Heck to § 1983 claim that would, if successful, imply the invalidity of the revocation of plaintiff's probation and parole).

The district court correctly recognized that the allegations of unlawful search and arrest in this case, if true, would necessarily imply the invalidity of the revocation of Cougle's probation, which was based, at least in part, on the same search and arrest. Cougle has not demonstrated that the revocation of his probation has been reversed, expunged, set aside or called into question as required by Heck as a prerequisite for this case to proceed. Summary judgment in favor of the defendants was therefore proper.

III.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the defendants dismissing Cougle's § 1983 claims pursuant to Heck v. Humphrey.

AFFIRMED.