# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-30927
Conference Calendar

RICHARD MAHOGANY

Plaintiff-Appellant

v.

JAMES MILLER, Warden; ROBERT TANNER, Warden; KRISTI CRAIN, ARP
Screening Officer; LYNN MCCLOUD, Executive Officer

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-1870

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Mahogany, Louisiana prisoner # 123340, filed an in forma pauperis action against prison officials under 42 U.S.C. § 1983 arising from their alleged failure to process several administrative grievances. The district court dismissed the suit as frivolous. "A complaint is frivolous if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotation marks omitted). We review the dismissal of a prisoner's complaint as frivolous for abuse of discretion. *Id.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

According to Mahogany, the district court erred in dismissing his complaint because his constitutional right to access the courts encompasses the right to file administrative grievances. Interference with the right of access to courts is actionable under § 1983 only where the inmate demonstrates "actual injury stemming from defendants' unconstitutional conduct." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Mahogany seems to assert that he was injured by the failure to process his grievances because he is required to exhaust the grievance procedure before he can bring any claims in the district court. This argument is meritless because the district court assumes that a prisoner's claims have been exhausted when his grievances were not processed within prescribed time limits. Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998), abrogated on other grounds by Jones v. Bock, 127 S. Ct. 910, 919-21 (2007).

Mahogany also asserts that he has a protected liberty interest in filing grievances and that he was deprived of due process when his grievances were refused. He does not have a protected liberty interest in the processing of his prison grievances. See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). "Insofar as he seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous." Id.

Because Mahogany's appeal is without arguable merit, we dismiss it as frivolous. See 5TH CIR. R. 42.2. The district court's dismissal of his suit and our dismissal of his appeal each count as a strike against him for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). If he accumulates three strikes, he may no longer proceed in forma

pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.