# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-30058
Summary Calendar

RICHARD MAHOGANY, JR

                                        Plaintiff-Appellant

v.

SHERYL MUWWAKKIL; DEBRA RUTLEDGE; ROBERT TANNER; RICHARD
STALDER; KATHY MCGINNIS

                                        Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-3980

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

   Richard Mahogany, Jr., Louisiana prisoner # 123340, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against various Louisiana Department of Corrections officials for failing to comply with a state court order to provide him with copies of his mental health records and the addresses of certain witnesses in a state civil case. The district court dismissed the complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

42 U.S.C. § 1997(e)(c)(1). The district court also declined to exercise supplemental jurisdiction over Mahogany's state law claims.

We review dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) or 42 U.S.C. § 1997(e)(c)(1) for failure to state a claim under the same de novo standard employed for dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). See Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Though the dismissal of an in forma pauperis complaint as frivolous is typically reviewed for abuse of discretion, where – as here – the district court also finds that the complaint fails to state a claim, our review is de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). Mahogany's complaint may be dismissed as legally frivolous if it lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." See Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).

Mahogany contends that error occurred when the magistrate judge failed to accept that he had suffered an actual injury when he was denied the right to offer testimony and witnesses in his own defense. However, Mahogany does not contend, and the record does not indicate, that he was prevented from filing any necessary legal documents with the court; nor has Mahogany shown that the prison officials' actions prejudiced him in his state suit. See Lewis v. Casey, 518 U.S. 343, 356-58 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).[1] Further, to the extent that Mahogany may be understood to raise the argument

---

[1] Mahogany also argues that the Magistrate Judge erred in limiting his complaint to an access-to-the-courts claim because his complaint and appeal challenge officials' "'misconduct' of obstructing, interfering with, and preventing [his] 'due exercise of rights.'" However, Mahogany does not indicate what potential violations these additional complaints allege other than violating his due process right of access to the courts.

that the district court should have directed state court officials to take certain action with regard to the information he desired, federal courts lack the authority to issue such writs of mandamus.  See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Although Mahogany also argues that the defendants misapplied Louisiana statutes and prison regulations and violated the Louisiana Constitution, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over those claims.  See Batiste v. Island Records, Inc., 179 F.3d 217, 226-27 (5th Cir. 1999); 28 U.S.C. § 1367(c)(3).

Accordingly, Mahogany has not shown that the district court erred in dismissing his complaint as frivolous and in addition, or in the alternative, for failure to state a claim.  See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).  Mahogany's appeal is without arguable merit and is dismissed as frivolous.  See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.  Our dismissal of the present appeal counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Prior to this, Mahogany had accumulated at least two strikes.  See Mahogany v. Miller, No. 06-30927 (5th Cir. Oct. 24, 2007) (unpublished). Because Mahogany has now received at least three strikes under § 1915(g), he is barred under that statute from proceeding in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.