# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10987
Summary Calendar

PETER DAVID WINEGARNER

Plaintiff-Appellant

V.

CITY OF COPPELL; DALLAS COUNTY DISTRICT ATTORNEY; DALLAS
COUNTY CRIMINAL COURT NO. 11; MISTI MASTERS; CLINTON
GOODMAN; SCOTT K PETERS; ROY OSBORNE, Chief; TODD
BOURLAND; KENDALL CASTELLO; KIMBERLY MILLER; VIELICA
DOBBINS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
3:05-CV-1157

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Peter Winegarner sued Defendants based on their varying roles in the State's prosecution of him for misdemeanor assault of his wife. He was convicted of the charge by a jury. In the federal suit, he alleged a number of violations of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution through 42 U.S.C. § 1983, as well as state law defamation claims. Through a series of opinions, the district court dismissed Defendants for a number of different reasons.[1] After dismissing all of his federal claims and some state claims, the district court declined jurisdiction over the remaining state law claims. During the course of the district court proceedings, an intermediate state appellate court reversed Winegarner's conviction and remanded for a new trial based on an erroneous evidentiary ruling.[2] Following the completion of the district court proceedings, the Texas Court of Criminal Appeals reversed the intermediate appellate court and affirmed the judgment of the trial court.[3] Winegarner now appeals the dismissal of his federal suit. We affirm.

I

Defendants make a substantial argument that Winegarner has abandoned his appeal by failing to brief meaningfully any issues. His briefs recite for the most part only the broad strokes of his complaints regarding Defendants. He mentions in passing some of the reasons why the district court dismissed his claims, and raises little in the way of an argument as to how the court's analysis erred.

Federal Rule of Appellate Procedure 28(a)(9)(A) requires an appellant's brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." It is our practice to construe liberally pro se litigants' briefs and "apply less stringent standards to parties proceeding pro se than to parties represented by

---

[1] See Winegarner v. City of Coppell, No. 3:05-CV-1157-L, 2007 WL 1040877 (N.D. Tex. Apr. 5, 2007); Winegarner v. City of Coppell, No. 3:05-CV-1157-L, 2006 WL 2485847 (N.D. Tex. Aug. 28, 2006); Winegarner v. City of Coppell, No. 3:05-CV-1157-L (N.D. Tex. Apr. 28, 2006).

[2] See Winegarner v. State, 188 S.W.3d 379 (Tex. App.–Dallas 2006).

[3] See Winegarner v. State, 235 S.W.3d 787 (Tex. Crim. App. 2007).

counsel."[4] Nevertheless, we still require pro se litigants to "brief the issues and reasonably comply with the standards of Rule 28."[5] It is a close question, but we cannot say that Winegarner has abandoned his appeal in its entirety.

## II

In any event, Winegarner briefs make clear that the claims he is pursuing on appeal turn on the State's prosecution of him, which implicates the rule of Heck v. Humphrey:[6]

> It is well settled that, under Heck v. Humphrey, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." "Heck requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"[7]

The district court declined to apply Heck because the intermediate state appellate court had reversed Winegarner's conviction.[8] However, the Texas Court of Criminal Appeals has now affirmed his conviction, and Winegarner does

---

[4] Grant v. Cueller, 59 F.3d 523, 524 (5th Cir. 1995).

[5] Id.

[6] 512 U.S. 477 (1994).

[7] Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006) (quoting Heck, 512 U.S. at 486-87, and Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995)) (citations omitted).

[8] In its first opinion, the magistrate judge recommended dismissing a number of Defendants based on Heck; however, in his objections to the magistrate's recommendations, Winegarner informed the district court that the intermediate state appellate court had reversed his conviction.

not contend that his conviction has since been reversed, expunged, or called into question on collateral review. Judgment in Winegarner's favor on his federal claims would imply the invalidity of his conviction. He alleges, inter alia, the State prosecuted him despite his innocence; maliciously prosecuted trial; his conviction was obtained by perjured testimony; prosecutorial misconduct, including lying, in obtaining the conviction; he was prosecuted after the statute of limitations expired; and improper exclusion of critical impeachment evidence.[9]

In addition to concluding that a "'malicious prosecution' standing alone is no violation of the United States Constitution,"[10] our en banc court has explained, as pertinent here, that "[Heck] concludes that no such claim accrues until the conviction has been set aside where, as here, the suit calls the validity of the conviction into play."[11] Heck bars Winegarner's § 1983 claims.

Winegarner has not shown that the district court erred in dismissing the state-law claims against some Defendants and declining jurisdiction over the remaining state-law claims.

AFFIRMED.

---

[9] Winegarner writes in his opening brief, for example, that he "agree[s] with the first two TX. Appeals Court Judges who had the good common sense to[] Overturn my wrongful conviction, and the three dissenting Judges, who wisely agreed with that earlier decision, and saw through the further Malicious Manipulations from the defendants' continued Defamations of plaintiff, in the recent October 2007 Reversal of [the] first TX. Appeals Court['s] wise common sense Ruling."

[10] Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003) (en banc) ("We decide that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law.").

[11] Id. at 959.