# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-30381
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

Elise LaMartina,

*Plaintiff—Appellant*,

*versus*

Clay Madden; Gerald Sticker; Stephen Baehr; Benjamin Cato; Bernard Plaia; Tammy Brant; David Parnell; Blue Williams, L.L.C.; Mandeville City, Louisiana,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1030

_____

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Elise LaMartina appeals the district court's dismissal of her civil rights lawsuit arising out of two police traffic stops. For the following reasons, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30381

LaMartina was initially cited in Mandeville, Louisiana for failing to display a license plate on May 2, 2020. She alleges that in citing her, Mandeville police officer Stephen Baehr detained her unlawfully and aggressively. She also alleges that four additional Mandeville police officers arrived at the scene to "harass, intimidate, and unlawfully detain" her. Because of her citation for failing to display a license plate, she received a summons to appear in court on July 13, 2020. Due to the coronavirus pandemic and various stay-at-home orders in Louisiana and in her home state of Florida, LaMartina alleges she was unable to appear, although she made attempts to contact the clerk's office to inquire about the status of her summons and the possibility of remote proceedings.

Separately, on September 29, 2020, LaMartina drove her son to Louisiana and, while stopped at a gas station in Mandeville, LaMartina alleges Mandeville police officer Benjamin Cato violently arrested her. Cato notified her that she was being arrested pursuant to an outstanding warrant issued for her failure to appear in court for the license plate citation. Beyond these two run-ins with Mandeville police officers, LaMartina also alleges various offenses against public officials and Mandeville police officers related to her arrest and her subsequent efforts to contest them from January to April 2021.

Relevant to this appeal, LaMartina filed a pro se complaint on April 30, 2021, in the Middle District of Florida and brought First, Fourth, Fifth, and Fourteenth Amendment claims through 42 U.S.C. § 1983 against Mandeville Police Department Officers Gerald Sticker, Steven Baehr, and Benjamin Cato; Prosecutor Bernard Plaia; City Clerk Tammy Brant; City Attorney David Parnell; Mayor Clay Madden; the City of Mandeville; and the law firm Blue Williams, LLC (collectively, Defendants). After concluding that venue was improper in the Middle District of Florida, the case was transferred to the Eastern District of Louisiana on May 28, 2021. The case

was stayed pending the outcome of the underlying state criminal proceedings, in which LaMartina ultimately went to trial and was found guilty of driving a vehicle in an unsafe manner, failure to give notice of change of address within ten days, and failure to register her vehicle in time, all stemming from the May 2, 2020, traffic stop. LaMartina did not appeal any of her state court convictions. After the stay was lifted in the instant lawsuit, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted. In doing so, it found that *Heck v. Humphrey* precluded LaMartina's claims and entered judgment in favor of Defendants. LaMartina timely appeals. 512 U.S. 477 (1994).

We review a district court's ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6) *de novo*. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393 (5th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This court will accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *Moffett v. Bryant*, 751 F.3d 323, 238–39 (5th Cir. 2014) (internal quotation marks and citation omitted). "Nevertheless, the plaintiff must provide more than 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Alamo Forensic Servs., L.L.C. v. Bexar Cnty.*, 861 F. App'x 564, 567 (5th Cir. 2021) (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

In *Heck v. Humphrey*, the Supreme Court held that a § 1983 suit must be dismissed if a judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence" and the plaintiff cannot show that his "conviction or sentence has already been invalidated." 512 U.S. 477,

487 (1994). This court performs a *Heck* analysis by asking "whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling it into question." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (alteration and internal quotation marks omitted) (quoting *Ballard v. Burton*, 444 F.3d 391, 400–01 (5th Cir. 2006)).

The district court found that *Heck* barred this lawsuit because "[t]he underlying convictions would be collaterally attacked if this Court finds favorably for LaMartina in this case." It found this suit was simply an attempt to challenge the constitutionality of her arrest on May 2, 2020, and the events which stemmed from it, including the September 29, 2020, arrest and her subsequent attempts to dispute these charges. On appeal, LaMartina argues the district court was incorrect because there is no underlying conviction arising out of the May 2, 2020, traffic incident. She relies on the minute entry from the state court trial which lists the date of the offense as May 2, 2021. The district court clearly and simply explained why the minute entry LaMartina relies on must be disregarded as a clerical error: "[W]hile LaMartina argues that the state court convictions she sustained related to conduct on May 2, 2021, the transcript of the trial indicates otherwise, as it discusses at length the conduct of May 2, 2020. Accordingly, the Court can dispense with the argument that LaMartina's convictions stem from events from May 2, 2021 and considers the dates in the minute entry indicating '2021' as a clerical error." Further, her brief on appeal makes clear that she is challenging "the dismissal of a complaint for damages caused by the tortious misconduct and constitutional violations committed by the Defendants as they engaged in a 'forprofit' policing scheme in unincorporated areas of Louisiana." *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013) (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of

challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.")). Her entire complaint as well as her brief on appeal describe in detail the incidents from May 2, 2020, and September 29, 2020, which led to her arrest and eventual state court convictions. *Winegarner v. City of Coppell*, 275 F. App'x 359, 360 (5th Cir. 2008) (the "briefs make clear that the claims [the plaintiff] is pursuing on appeal turn on the State's prosecution of him, which implicates the rule of *Heck v. Humphrey*").

LaMartina's lawsuit is a clear attempt to challenge the constitutionality of her underlying state convictions in violation of *Heck v. Humphrey*. As such, the judgment of the district court is AFFIRMED.